**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 0 6 2011 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

WILLIAM DARBY,

           Plaintiff,

v.

PALISADES COLLECTION, LLC, and
PRESSLER & PRESSLER, LLP,

           Defendants.

CV 11-1673

**COMPLAINT**

**JURY DEMANDED HEREON**

SUMMONS ISSUED
GLEESON, J.
AZRACK, M.J.

    1.    This is an action for damages and declaratory judgment brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), New York General Business Law § 349 (hereinafter, "NYGBL § 349"), and New York Judiciary Law § 487, as well as for negligent hiring, retention and supervision.

    2.    Plaintiff brings suit based on the unfair, abusive and deceptive practices employed by Defendants, a debt buyer and a debt collection law firm, in their attempts to collect on debt that was time-barred according to Defendants' own records, inter alia, through knowing use and reliance on a falsified affidavit of service and affidavit of facts in a state court collection action.

## JURISDICTION AND VENUE

    3.    The Court's jurisdiction is conferred by 15 U.S.C. §1692k and 28 USC §1337.

    4.    Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

    5.    Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

6.     Venue in this District is proper in that Plaintiff lives in the District, the

Defendants transact business here, and much of the conduct complained of occurred here.

## PARTIES

7.     Plaintiff William Darby (hereinafter, "Mr. Darby") is a natural person who

currently resides in Brooklyn, New York.

8.     Mr. Darby is a consumer under the FDCPA, §1692a(3).

9.     Defendant Palisades Collection, LLC (hereinafter, "Palisades") is a foreign

corporation registered to do business in New York, with its principal place of business located

in New Jersey.

10.    Palisade's principal purpose is the collection of debts, and Palisades regularly

attempts to collect debts it has purchased, post-default, from original creditors or other debt

buyers.

11.    Palisades is a debt collector under the FDCPA, §1692a(6), and its conduct was,

at all relevant times, "consumer oriented" as defined under NYGBL §349.

12.    Pressler & Pressler, LLP (hereinafter "Pressler"), a debt collection law firm, is a

foreign limited liability partnership registered in New York and engaged in the business of

collecting debts in this state, with its principal place of business located at 16 Wing Drive,

Cedar Knolls, New Jersey, 07927.

13.    Pressler's principal purpose is the collection of debts and Pressler regularly

attempts to collect debts alleged to be due another.

14.    Pressler is a debt collector under the FDCPA, §1692a(6), and its conduct was, at

all relevant times, "consumer oriented" as defined under NYGBL §349.

2

## FACTS

15.    On October 13, 2006, Defendants obtained a default judgment against Mr. Darby

for $1,487.81 in <u>Palisades Collection, L.L.C. v. William M. Darby</u>, Index No. 19923/06 ("the

State Action"), in which Pressler was Palisade's counsel of record. <u>Exhibit 1</u>.

16.    According to the State Action complaint, the monies which Palisades and

Pressler sought to collect from Mr. Darby were for an AT&T Wireless account.

17.    The State Action complaint seeks a sum of $1,104.11 "plus interest of $263.49

from 6/11/03. . .". State Action Summons and Complaint attached as <u>Exhibit 2</u>.

18.    These monies constitute a "debt" under the FDCPA, §1692a(5).

19.    Pursuant to 47 U.S.C. § 415, cell phone accounts are subject to a two year statute

of limitations. Thus, according to the allegations in the State Action complaint (filed on

2/14/06), the debt was already beyond the statute of limitations.

20.    Every single allegation in the State Action Complaint is made "upon information

and belief". <u>Id</u>.

21.    The State Action complaint sought relief both for breach of contract and for

account stated. With regard to the Account Stated, the Complaint states, *inter alia*, as

follows:

> Plaintiff and/or AT&T Wireless has mailed monthly statements required by the
> agreement to defendant(s) thereby rendering a full just and true account of all unpaid
> amounts charged by the defendant(s) which are due and owing, and defendant(s)
> received, accepted and retained same without objection.

> <u>Id.</u>

22.    The Affidavit of Service submitted by Pressler and Palisades in the State Action,

alleges service by (now de-licensed) process server Andrew Lindaur on "552 53rd Street, Apt. 2, Brooklyn, NY 112202723" by nail and mail service.  Exhibit 3.

23.    This address appears on the Summons in the State Action and, on information and belief, was provided to Lindauer by Defendants and Lindauer was instructed by Defendants to serve Mr. Darby at this address.

24.    Upon information and belief this was done without Defendants performing any due diligence as to whether this address was Mr. Darby's current address and without Defendants having any good faith basis to believe this address was Mr. Darby's current address.

25.    In fact, Mr. Darby was a resident of Philadelphia, PA from 2003 through 2008.

26.    Plaintiff's process server, Andrew Lindauer, is a known fraud whose license was been permanently revoked by the New York City Department of Consumer Affairs ("NYDCA") in 2009.

27.    Specifically, after being served with an exhaustive "Notice of Hearing" dated June 2, 2009 outlining in detail Mr. Lindauer's systematic falsification of service on consumer debtors, including one hundred and thirty-nine (139) counts of misconduct, Mr. Lindauer stipulated to the permanent revocation of his license and payment of a fine, without denial of any of the charges against him. Exhibit 4.

28.    According to the NYDCA, Mr. Lindauer "repeatedly made false entries in his logbooks, engaged in sewer service, executed false affidavits of service and testified falsely at an investigatory hearing" Id. at p. 13.

29.    In addition, Mr. Lindauer "fail[ed] to comply with reporting and record-keeping

4

requirements", "failed to maintain legible records", and made "unlawful corrections in records of process served" Id. at 14-15.

30.    Prior to the permanent revocation of his license, Mr. Lindauer had been fined and had his license (non-permanently) revoked for numerous record keeping irregularities. Id. at 12-13.

31.    One or more of the cases cited in the NYDCA's Notice of Hearing as involving false affidavits of service are cases involving Pressler as attorney of record (See, e.g. New Century Financial Services v. Gillespie).

32.    On information and belief, Pressler knew of the revocation of Mr. Lindauer's license for sewer service shortly after it occurred, *inter alia*, because Pressler was notified by Mr. Lindauer and/or the NYDCA.

33.    Upon information and belief, Defendants knew or should have known that Mr. Lindauer was a fraud, the affidavit of service was false, and that reliance upon Mr. Lindauer's representations was wholly unjustified at the time he was hired and the affidavit of service filed.

34.    Upon information and belief, at the time of service against Mr. Darby, Defendants were in possession of other Affidavits of Service from Mr. Lindauer in other cases that were inconsistent with one another (e.g. *inter alia*, showing service at the same or close time intervals in multiple, distant locations).

35.    In addition, upon information and belief, the fee structure which Defendants established with regard to Lindauer made true service of process uneconomical for Mr. Lindauer and unlikely to occur. On information and belief, Pressler paid Mr. Lindauer a

small fixed dollar amount per affidavit of service including travel expenses, regardless of how many attempts were made, and only if service was stated by Mr. Lindauer to be "completed".

36.    Indeed, even on its face, the Affidavit of Service which was, on information and belief, created and/or approved by Pressler, contains deficiencies that should have alerted Defendants to the fact that proper service was not attempted and/or that the affidavit could not be relied upon. For example, the Affidavit, which contains Pressler's name and address in the footer, states that service was performed by nail and mail, without (as required) stating that Mr. Lindauer made a good faith (or any) attempt to determine Mr. Darby's place of work.

37.    Moreover, the Affidavit, which was on information and belief created and/or approved by Pressler, is carefully worded to avoid any statement that Mr. Lindauer confirmed with a neighbor that Mr. Darby lived there:

> "Deponent asked a female neighbor, Mrs. Appier, whether the defendant **and/or present occupant** was presently in the military service of the United States Government or on active duty in the military service in [the] state of New York or a dependant of anybody in the military and was told defendant **and/or present occupant** was not."

> Exhibit 3 (emphasis added).

38.    As part of Defendants' submission for a default judgment, they also submitted an "Affidavit of Facts Nonmilitary Affidavit" ("Affidavit of Facts") signed by "Cherie Thomas" that, *inter alia*, alleged:

> "I am the ACCOUNT SPECIALIST of plaintiff [Palisades Collection, L.L.C.] and as such, I have personal knowledge of the facts & circumstances surrounding this action. . . The defendant(s) hereto entered into a agreement with Plaintiff's predecessor in interest AT&T WIRELESS. . . At defendant(s) request, . . . AT&T WIRELESS mailed an agreement to the

6

> defendant(s) and opened account No. 002500000207836925. . .
> Defendant utlitized the credit account, made minimal payments.
> . . and has now defaulted. . . AT&T WIRELESS mailed
> statements to the defendant(s) advising of said default and
> demanding payment. No payment has been forthcoming.

Exhibit 5.

39. This Affidavit of Fact is false, inter alia, because Ms. Thomas does not have personal knowledge of a single one of the allegations contained therein.

40. In addition, the affidavit is substantively untrue. Mr. Darby is not aware of any unpaid balance on his long-closed AT&T account, and to the best of his knowledge, never received any statements alleging the default referred to in the affidavit.

41. Nor were his payments on the account "minimal" as stated in the affidavit. Rather, Mr. Darby made regular payments for over a year.

42. Mr. Darby, who did not move back to New York from Pennsylvania until 2008, did not know or receive any notice of the State Action in Kings County, New York until October 2010 when, despite all of the deficiencies listed above, Defendants froze his bank account on the basis of the judgment.

43. On February 4, 2011, Mr. Darby, represented by the undersigned, filed an Order to Show Cause to Vacate and Dismiss the State Action, containing extensive documentation regarding Mr. Darby's residence in Pennsylvania at all relevant times, including (in addition to his own sworn affidavit), an affidavit from the property manager of the apartment in Philadelphia that he had rented, an apartment lease, federal income taxes showing his

7

residence in Pennsylvania during the relevant time period, his Pennsylvania driver's license, and bank statements showing his address in Philadelphia. Exhibit 6.

44.   The Order To Show Cause also included the NYDCA's file on Mr. Lindauer (obtained through a FOIL request), documenting the revocation of his license for extensive fraud, and containing the documentation attached hereto regarding same.

45.   Despite the overwhelming evidence that Mr. Darby was not served, attorney Mitchell Zipkin, Esq. of Pressler refused to vacate the judgment unless his firm was released from liability.

46.   In response, the undersigned sent the letter attached hereto as Exhibit 7, to more senior attorneys at Pressler, stating *inter alia* that in light of the evidence, opposition to Mr. Darby's motion was "frivolous and sanctionable, with or without your receiving a release" and urging Pressler to reconsider its position.

47.   In response, a more senior attorney at Pressler, Mitchell Williamson, offered to dismiss the action with prejudice and leave Mr. Darby to his remedies with regard to the violations alleged herein, and the parties stipulated to same. Exhibit 8.

48.   Upon information and belief, Defendants' obtaining of a default judgment based on a Summons & Complaint that was never, far from being an isolated instance, is part of a policy and practice by which Defendants instruct that consumers be served at addresses at which Defendants know or should know the consumer does not reside, with the knowledge

8

that the vast majority of claims filed will result in default judgments.

49.     Moreover, despite their knowledge that Mr. Lindauer's affidavits of service are entirely unreliable, Defendants continue to take collection action based on them, including restraining consumer's bank accounts (as they restrained Mr. Darby's in October 2010).

50.     Defendants have made a conscious business decision, after learning of the revocation of Mr. Lindauer's license, that reviewing the Lindauer affidavits filed on their behalf would be more costly than simply continuing to collect the judgments based upon them.

51.     The State Action complaint was signed by Richard Franklin, Esq. of Pressler.

52.     This action was one of at least 43,366 (forty three thousand, three hundred and sixty-six) consumer collection actions filed by Pressler in 2006 in the New York Civil Courts. The overwhelming majority of these actions were filed on behalf of Palisades.

53.     On information and belief, Pressler -- which has its main office in New Jersey – also filed many thousands of lawsuits in New Jersey in 2006.

54.     Mr. Franklin's name is one of only name listed on the signature block of the Complaint.

55.     Upon information and belief, Mr. Franklin signed tens of thousands of Complaints filed in the New York State Courts in 2006.

9

56.    Mr. Franklin did not meaningfully review the Complaint filed against Mr. Darby before signing it and causing it to be filed with the Kings County Civil Court.

57.    Indeed, the Complaint is a caricature of a boilerplate pleading.  For example, the "Verified" State Action complaint:

      a.    Alleges every single allegation on information and belief;

      b.    Alleges that defendant (Mr. Darby) either "resides" or "is employed" or "transacted business" within the "county in which this action is brought" as the jurisdictional basis;

      c.    Alleges that defendant entered into a "goods and/or services contract" "with the plaintiff and/or AT&T wireless wherein defendant agreed to pay plaintiff and/or AT&T wireless";

      d.    Alleges that "Plaintiff and/or AT&T WIRELESS has mailed monthly statements required by the agreement to defendant(s)"

Exhibit 2 (emphasis added).

58.    Upon information and belief, the absurdly non-specific allegations are designed by Defendants to account for the fact that Pressler conducted no meaningful review of the file or the complaint prior to having one of its attorneys sign and submit the State Action complaint.

59.    To wit, on information and belief, Pressler did not review the contract, account statements, record of mailing, or record of consumer correspondence/interaction with the original creditor (e.g. the account log or call log), or the complaint itself prior to signing and filing the complaint.

60. Mr. Franklin's failure to review the State Action Complaint before filing it, far from an anomaly, is part of the business plan developed by Defendants, who have found that meaningful pre-filing attorney review is not as profitable as submission of pleadings without attorney review, because the overwhelming majority of consumer collection actions are won on default or against unsophisticated pro-se litigants who are, as a practical matter, incapable of meaningfully challenging even the most deficient, boilerplate consumer collection pleading.

61. The State Action complaint filed in this case (and filed by Pressler routinely as part of its regular practice) is precisely the sort of robo-signed, boilerplate pleading, generated by the "push of a button" and filed without meaningful attorney review that Courts have found impermissible.

62. As a result of Defendants' actions, Mr. Darby has suffered harm in the form of unpaid time off from work to deal with the issues referenced herein, and attorneys' fees to defend the state court action, bank fees, loss of use of the restrained funds; and has also suffered harm in the form of: stress; aggravation; loss of sleep; anxiety; nervousness; emotional distress; worry and loss of happiness; loss of concentration; irritability; loss of the tranquility; and indignation.

63. Any applicable statute of limitations that might otherwise apply to bar any of Plaintiff's claims is tolled on the grounds that Plaintiff's failure to learn of the frivolous and unlawfully filed State Action until October, 2010 was a direct result of Defendants' own wrongdoing. Specifically, Mr. Darby did not know, and could not reasonably have known, that he had been sued precisely because Defendants caused him to be "served" with the

Summons and Complaint at an address at which he did not live and sent all subsequent

communication to that same address.

64.   Indeed, Defendants' hiring of Mr. Lindauer as their process server, and their

provision to Mr. Lindauer of an address for Mr. Darby that Defendants had no good faith

basis to believe was correct, is part and parcel of the unlawful conduct upon which Mr. Darby

now sues.

## FIRST CAUSE OF ACTION
### THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ.*
### ("FDCPA")
### (ALL DEFENDANTS)

65.   Mr. Darby repeats and re-alleges and incorporates by reference the foregoing

paragraphs.

66.   Defendants' actions and omissions as set forth above constitute violations of the

FDCPA. These violations include, without limitation:

> e.   Causing Defendant to be "served" with legal process at an address that
> Plaintiff knew or should have known Defendant did not live, and continuing with
> collection action against Defendant when it knew or should have known that the
> judgment it had obtained was based on bad service and invalid as a matter of
> law,  in violation of §1692e and §1692f, 1692e(10);

> f.   Collecting, threatening and/or attempting to collect on a time-barred
> debt, whose statute of limitations had clearly already run, in violation of
> §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1);

> g.   Filing a Complaint, Attorney Verification, Judgment and other
> litigation documents and communications that were deceptive and misleading in
> that they were signed by an attorney but were not in fact meaningfully reviewed
> by an attorney, in violation of §§1692e, 1692e(3), 1692e(5), 1692e(10), and
> 1692f;

> h.   Representing through act and omission that Plaintiff had a good faith
> belief in the accuracy, propriety and truthfulness of the Lindauer Affidavit and

12

the attorney affirmations regarding same, when it no longer had or could plausibly maintain such a belief, in violation of §§ 1692d, 1692e, 1692e(2)(A), 1692e(10), and 1692(f);

i.      Submitting an Affidavit of Fact that falsely alleges personal knowledge of various purported details relating to the underlying AT&T Wireless account, in violation of § 1692f, 1692e, 1692e(8); 1692(10);

j.      Taking legal action against Mr. Darby when it knew or should have known that there was no factual basis for its action, without conducting the minimum due diligence required under New York law regarding frivolous pleadings, and misstating the amount, character and/or legal status of Mr. Darby's debt, in violation of §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), 1692f, and 1692f(1).

67.    As a result of these violations, Mr. Darby has suffered pecuniary and non-pecuniary harm, as set forth in ¶ 61 above.

68.    Mr. Darby is entitled to statutory and actual damages, costs and attorneys fees as a result of these violations.

## SECOND CAUSE OF ACTION
### NYGBL § 349
### (All Defendants)

69. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

70. Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in the First Cause of Action was committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of §349 independent of whether it also constituted a violation of any other law.

71. Each of these actions was consumer oriented and, upon information and belief,

13

involves misleading conduct that is recurring and has a broad impact upon the public.

72. Specifically, and without limitation, Pressler handles a tremendous volume of collection litigation, having filed over forty-three thousand consumer collection cases in New York Civil Courts in 2006 alone.

73. Upon information and belief, Defendants routinely causes summonses and complaints to be filed at addresses that they knows or should know are not current, and have taken thousands of default judgments based on such actions.

74. Upon information and belief, Defendants have filed filed a large numbers of time-barred lawsuits based on non-payment of cell phone bills.

75. Upon information and belief, the false, boilerplate "affidavit of fact" referenced above, (or a substantially similar -- and similarly false --affidavit) has been filed in hundred, if not thousands, of state collection cases;

76. Upon information and belief, Defendants' failure to meaningfully review the summons and complaint described above, is a routine occurrence that occurs in thousands of cases;

77. Upon information and belief, the overstatements of balance and interest described herein are part of a policy and practice that is designed and has the effect of increasing Defendants' profits.

78. Each of Defendants' deceptive acts, by their nature, involves a material misrepresentation.

79. As a result of these violations of NYGBL §349, Mr. Darby has suffered damages, including, *inter alia*, those listed above at ¶ 61.

14

80.    Mr. Darby is entitled to actual and/or statutory damages, punitive damages of up to $1,000, attorney's fees and costs as a result of these violations.

## THIRD CAUSE OF ACTION
## JUDICIARY LAW § 487
### (Pressler Only)

81.    Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

82.    Upon information and belief, Pressler was guilty of deceit in the State Action.

83.    Pressler perpetrated this deceit with intent to deceive the state court, and Mr. Darby.

84.    Specifically, upon information and belief, and as reviewed above, Mr. Franklin of Pressler knowingly and falsely represented that he had meaningfully reviewed and made reasonable inquiry into the Complaint filed against Mr. Darby in the State Action and the facts alleged therein, prior to filing the Complaint with the Court.

85.    As set forth above, this false representation was made in a sworn pleading.

86.    Pressler, by and through Mr. Franklin, likewise knowingly falsely represented that the action, which was time barred according to the allegations in the State Action Complaint itself, was not frivolous.

87.    These false representations were not only made in sworn pleadings, but are routine and recurring part of Pressler's practice before the Courts that is designed and has the effect of increasing Pressler's profits by increasing the number of consumer accounts handled, and lowering the cost of handling each account.

88.    As a result of these false representations, Mr. Darby has suffered damages

15

including but not limited to those set forth in ¶ 61, above.

89.     As a result of Pressler's violations of Judiciary Law § 487, Mr. Darby is entitled

to treble his damages, attorney's fees and costs.

### FOURTH CAUSE OF ACTION
### NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION
### (PRESSLER ONLY)

90.     Mr. Darby repeats and re-alleges and incorporates by reference the foregoing

paragraphs.

91.     Upon information and belief, Pressler failed to exercise reasonable care in

selecting, instructing and supervising the agents hired to serve process on Mr. Darby's

alleged debt.

92.     Pressler's process server acted maliciously and unlawfully, as set forth above

93.     As a direct result of Pressler's process server's grossly negligent and

unreasonable conduct, Mr. Darby suffered the harm alleged at ¶61, above.

94.     Pressler knew or should have known of Defendants' propensity to commit these

unlawful acts and would have known of such propensity had it conducted an adequate hiring

procedure.

95.     Indeed, upon information and belief, the financial arrangement between Pressler

and its process server, which involved volume filing of affidavits of service for a low piece

rate per affidavit, regardless of how many attempts were made, with payment conditioned on

service being alleged to be complete, virtually ensured the type of sewer service that occurred

herein.

96.     Pressler's negligent hiring, retention, training and supervision of its process server

was the proximate cause of Mr. Darby's damages.

97.   As a result of this unlawful conduct, Mr. Darby is entitled to actual and punitive damages, attorneys fees and costs.

**WHEREFORE,** Mr. Darby respectfully requests this Court to award:

a. On the FIRST CAUSE OF ACTION (FDCPA), declaratory judgment, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k;

b. On the SECOND CAUSE OF ACTION (NYGBL §349), statutory and/or actual damages, punitive damages of up to $1,000, costs and reasonable attorneys fees pursuant to NYGBL § 349(h);

c. On the THIRD CAUSE OF ACTION (Violation of NYJL § 487), treble damages, reasonable attorney's fees and costs, and

d. On the FOURTH CAUSE OF ACTION (NEGLIGENT HIRING, RETENTION,TRAINING AND SUPERVISION), actual damages, punitive damages, reasonable attorneys fees and costs; and

e. Award such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted,

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph:  914-946-1981
Fax:  914-946-2930
email:  daniel@schlangerlegal.com